UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| LARRY RAY BAKER, JR. | * | CIVIL ACTION |
| VERSUS | * | NO. 10-3226 |
| HELIX ENERGY SOLUTIONS GROUP, INC. | * | SECTION "B" |
| | * | MAGISTRATE 4 |
| | * | JUDGE LEMELLE |
| | * | MAGISTRATE JUDGE ROBY |

**RESPONSE TO PLAINTIFF'S MOTION FOR IN CAMERA REVIEW**

**MAY IT PLEASE THE COURT:**

Defendant, Helix Energy Solutions Group, Inc. ("Helix ESG"), files this response to plaintiff's, Larry Ray Baker, Jr.'s, Motion for In Camera Review of Privilege Log and Corresponding Documents to Assess Applicability of Privilege and Compel Production. Defendant submits that the documents withheld from production by Shuman Consulting Services LP ("Shuman") in response to a Notice of Records Deposition and Subpoena Duces Tecum are protected by the work product protection and were appropriately withheld from the Notice of

1

Records Deposition and the return on the Subpoena Duces Tecum. However, so that the Court can adequately assess the applicability of the protection over the documents withheld, defendant is prepared to submit, if the Court directs, for in camera review, the following documents identified and numbered on the Privilege Log attached as Exhibit "B" to plaintiff's Motion for In Camera Review:  #5 (00200, 00201), #7 (00356), #8 (00364, 00365), #9 (00376), #10 (00379, 00380), #11 (00383), #12 (00385), #13 (00387, 00391), #16 (00702), and #22 (00869). Defendant's position regarding the protected nature of these documents is more fully explained below.

## I.     FACTS RELEVANT TO MOTION.

Plaintiff was employed by defendant as a roughneck assigned to the offshore oil rig, Q-4000. On July 3, 2009, plaintiff alleges that he sustained injuries while performing his normally assigned duties aboard the rig. Plaintiff was principally treated for injuries to his shoulder following the incident by Dr. Roy Chitwood. Dr. Chitwood released plaintiff to full duty work on September 16, 2009. Shortly after the medical release, defendant, through its third-party claims administrator, Shuman, reached a settlement with plaintiff concerning his claims and injuries resulting from the July 3, 2009 incident. Plaintiff executed a full release before a Notary Public and received a settlement check in consideration for the release of claims.

Plaintiff returned to the rig on October 4, 2009. While working during his first hitch, plaintiff reported again that he felt pain in his shoulder while lifting a piece of grating. He was sent to shore to seek medical treatment and had not returned to the rig since.

Despite the previous settlement of his claims, plaintiff filed the instant lawsuit seeking damages under the Jones Act and General Maritime Law for the incident occurring on July 3, 2009. During the course of this litigation, plaintiff served a Notice of Records Deposition and Subpoena Duces Tecum on Shuman. On January 7, 2011, Shuman's return was made on the Subpoena. Shuman delivered in excess of 1,000 pages of documents constituting its entire file on plaintiff, except for the documents it withheld based on the assertion of protection/privilege.

## II.   PROCEDURAL STANDING.

While the Notice of Records Deposition and Subpoena Duces Tecum were issued to Shuman, defendant, Helix ESG, avers that it has standing to both object to the documents being sought by plaintiff and to respond to this Motion. Shuman is a third-party claims administrator which Helix ESG retains to handle employee injury claims, including that of plaintiff herein. Other than medical, most of the documents contained in Shuman's file are e-mail chains between defendant, Helix ESG, and Shuman, or notes to file by a Shuman representative summarizing conversations with Helix ESG representatives.

While a party ordinarily has no standing to object to a subpoena issued to a nonparty, the general rule does not apply where, as here, "the party claims some personal right or privilege with regard to the documents sought." *Atlantic Investment Management, LLC v. Millennium Fund I, Ltd.,* 212 F.R.D. 395 (N.D. Ill. 2002). Obviously, Helix ESG has a personal right or privilege with regard to the documents sought. The documents all involve a claim by a Helix ESG employee, being

3

administered to by Shuman. Many, if not most, documents directly sought by plaintiff through the filing of this Motion involve e-mails back and forth to Helix ESG personnel. Helix ESG's counsel, the undersigned, have all documents within their possession and will be responsible for the further production of any documents should the Court require same.

### III.   ARGUMENT AND AUTHORITIES.

#### A.   Applicable Standards.

The work product doctrine protects documents and other tangible things prepared by a party or representative of a party, including attorneys, consultants, agents, or investigators, in anticipation of litigation. *Conoco, Inc. v. Boh Bros. Const. Co.,* 191 F.R.D. 107 (W.D. La. 1998). There is a distinction between "ordinary" and "opinion" work product. *Thomas v. General Motors Corp.,* 174 F.R.D. 386 (E.D. Tex. 1997). "Opinion" work product is that which conveys the mental impressions, conclusions, opinions or legal theories of an attorney or other representative has been accorded almost absolute production from discovery by some courts. *In re Murphy,* 560 F.2d 326 (8th Cir. 1977). Nevertheless, opinion work product becomes subject to disclosure when mental impressions are at issue in a case and the need for the material is compelling. *Biggers v. State Farm Insurance Co.,* 1993 WL 408375 (E.D. La.).

Additionally, Rule 26(b)(3) requires a court to protect against disclosure of the mental impressions, conclusions, opinions or legal theories of an attorney or other representative of a party concerning the litigation. Fed.R.Civ.Pro. 26(b)(3). Thus, protected work product is not confined to information or materials gathered or assembled by a lawyer. Instead, it includes materials

gathered by any consultant, surety, indemnitor, insurer, agent, or even the party itself. Documents based on mental impressions of a lawyer and representatives concerning litigation, strategy and costs may be of a limited value, but they should not be the subject of discovery. *Ohio Management, LLC v. James River Ins. Co.,* 2006 WL 1985962 (E.D. La.).

>   **B.     Documents Containing Reserve Recommendations Are Not Subject to Production.**

Document #5 (00200-00201), #10 (00379-00380) and #11 (00383) all contain reserve recommendations following the plaintiff's second reported incident in October of 2009. The courts have determined that by their very nature, reserves (whether prepared with attorney input or not) are prepared in anticipation of litigation and are *defacto* opinion work product. *Rhone-Poulenc Rorer, Inc. v. Home Indemnity Company,* 139 F.R.D. 609 (E.D. Pa. 1991); *Ohio Management,* 2006 WL 1985962, *2. The internal opinions and conclusions reached and resulting in the reserve information are not discoverable. *Union Carbide Corp. v. Travelers Indemnity Co.,* 61 F.R.D. 411 (W.D. Pa. 1973).

In addition, there is no showing which would overcome the almost absolute protection afforded this opinion work product. There is no issue as to Helix ESG's mental impressions in this case, such as there would be in an insurance coverage bad faith case. Furthermore, courts have wrestled with the relevancy of reserves because they are not necessarily based on a full knowledge of the facts and law of the case. See *Bondex International, Inc. v. Hartford Accident & Indemnity Company,* 2006 WL 355289 (N.D. Ohio). If the information revealed by reserves is of questionable

5

relevance, it is hard to fathom how plaintiff would be in substantial need of same in preparing his case.

Any document containing defendant's reserve strategy/recommendations should be withheld from production as being work product.

### C. The Remaining Documents Contain Impressions, Conclusions and Opinions and Are Work Product.

Plaintiff also seeks production of seven documents, which do not contain reserve information, but otherwise contain the mental impressions, opinions, conclusions and theories of Shuman and Helix ESG personnel contained in Shuman's claims file concerning plaintiff and qualify as opinion work product properly withheld from production. It should be recognized that these seven remaining documents were all created within a short time from the creation of the documents containing the reserve calculation/reserve information discussed above. As the case law indicates, the creation of reserves anticipates litigation. It logically follows that any document created roughly contemporaneously therewith should be considered in that context. This is even more so when the requested documents in and of themselves contain the mental impressions, strategy, theory and conclusions of Shuman and Helix ESG personnel regarding plaintiff's claims. For example, Document #8 (00364, 00365), #9 (00376), #16 (00702) and #22 (00869) all involve strategy, opinions and conclusions regarding the October 2009 (second incident), its place in and affect on the universe of plaintiff's claims, and how internal files would be set up.

The remaining documents generally involve opinions and conclusions concerning the handling of various, developing medical aspects of plaintiff's claim. Obviously, these e-mails were not created in the normal day-to-day business affairs of Shuman or Helix ESG and are specific to plaintiff's ongoing claim and litigation which could be anticipated because of the claim.

Plaintiff argues that since the first incident of July 3, 2009, had been settled in September of 2009, there was no threat of litigation in the context of the subsequently created documents. However, it must be realized that the documents all came after plaintiff's second incident which created additional issues with regard to the global nature of the settlement of claims. Certainly, plaintiff's settlement of his claims in September of 2009 should have forestalled future litigation arising out of the claims settled therein; however, the fact that the claims were settled does not and did not prevent plaintiff from actually filing suit.

## IV.   CONCLUSION.

Defendant respectfully submits that the documents which will be submitted for in camera review at the Court's direction should be determined to be protected and not subject to production.

        Respectfully submitted,

        BAYNHAM BEST, L.L.C.

        *s/ T. Patrick Baynham*
        T. PATRICK BAYNHAM, T.A.  (#16805)
        JOHN CALVIN BOX (#18809)
        Two Lakeway Center - Suite 950
        3850 N. Causeway Boulevard
        Metairie, Louisiana  70002
        Telephone:  (504) 837-3878
        Telecopier:  (504) 837-8495
        E-Mail: tpbaynham@baynhambest.com

        Attorneys for Defendant,
        Helix Energy Solutions Group, Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that on this 12th day of April, 2011, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system.  Notice of this filing will be sent to all counsel of record registered to receive electronic service by operation of the Court's electronic filing system.

        *s/ T. Patrick Baynham*