# UNITED STATES COURT OF APPEALS

## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 27, 2012

Lyle W. Cayce
Clerk

No. 11-30951
Summary Calendar

U. S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FILED   APR 2 4 2012

LORETTA G. WHYTE
CLERK

D.C. Docket No. 2:10-CV-3226 *B*

LARRY RAY BAKER, JR.,

　　　　Plaintiff - Appellant

v.

HELIX ENERGY SOLUTIONS GROUP, INCORPORATED,

　　　　Defendant - Appellee

Appeal from the United States District Court for the
Eastern District of Louisiana, New Orleans

Before BENAVIDES, STEWART, and HIGGINSON, Circuit Judges.

## J U D G M E N T

This cause was considered on the record on appeal and the briefs on file.

It is ordered and adjudged that the judgment of the District Court is affirmed.

IT IS FURTHER ORDERED that appellant pay to appellee the costs on appeal to be taxed by the Clerk of this Court.

ISSUED AS MANDATE: 1 8 APR 2012

A True Copy
Attest

Clerk, U.S. Court of Appeals, Fifth Circuit

By: _____
Deputy

New Orleans, Louisiana

1 0 APR 2012

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

# FILED

March 27, 2012

No. 11-30951
Summary Calendar

Lyle W. Cayce
Clerk

LARRY RAY BAKER, JR.,

Plaintiff-Appellant

v.

HELIX ENERGY SOLUTIONS GROUP, INCORPORATED,

Defendant-Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:10-CV-3226

Before BENAVIDES, STEWART, and HIGGINSON, Circuit Judges.
PER CURIAM:[*]

Plaintiff-Appellant Larry Ray Baker, Jr., appeals the district court's judgment upholding the validity of his seaman's release agreement. For the following reasons, we AFFIRM the district court's judgment.

## I.

On July 3, 2009, Baker injured his left shoulder aboard the Mobile Offshore Drilling Unit Q-4000 while in the employ of Defendant-Appellee Helix

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-30951

Energy Solutions Group, Inc. ("Helix"). Baker was taken to the emergency room and an MRI was performed. Dr. O.H. Chitwood pronounced Baker at maximum medical improvement on September 16, 2009, and released him to return to work.

Directly following this pronouncement, Baker and his wife met in a hospital meeting room with Martin Lowe, a claims representative for Shuman Consulting Services LP, which is claims administrator for Helix. At this meeting, Plaintiff signed a "General Release and Indemnity Agreement" in exchange for $4,800.

Baker returned to light duty work for Helix on October 4, 2009. On October 11, 2009, Baker again injured his left shoulder. Baker underwent arthrosporic surgery on December 1, 2009.

On September 22, 2010, Baker brought the instant action, asserting negligence on the part of Helix. On September 12, 2011, the district court granted in part Helix's motion for summary judgment, concluding that the seaman's release signed by Baker precludes claims arising out of Baker's initial July 3, 2009 shoulder injury, but does not preclude claims arising out of the October 11, 2009 shoulder injury.

Thereafter, the parties entered into a consent judgment covering claims "arising out of the subsequent incident on October 11, 2009[,]" which the district court approved. Final judgment was entered on September 16, 2011. Baker now appeals the district court's ruling that his release is valid.

## II.

The district court's determination of whether a seaman has validly entered into a release is a factual finding reviewed for clear error. *Borne v. A & P Boat Rentals No. 4, Inc.*, 780 F.2d 1254, 1257 (5th Cir.1986). Clear error exists when "although there may be evidence to support it, the reviewing court on the entire [record] is left with the definite and firm conviction that a mistake has been

committed." *Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 793, 796-97 (5th Cir. 2007) (internal quotation marks and citations omitted).

"The burden of proof in establishing the validity of a seaman's release is on the shipowner. The shipowner must show that the seaman's release 'was executed freely, without deception or coercion, and that it was made by the seaman with full understanding of his rights.'" *Castillo v. Spiliada Mar. Corp.*, 937 F.2d 240, 244 (5th Cir. 1991) (quoting *Garrett v. Moore-McCormack Co.*, 317 U.S. 239, 248 (1942)). "The burden is heavier on a motion for summary judgment because the shipowner must conclusively demonstrate the absence of a genuine issue of material fact." *Simpson v. Lykes Bros.*, 22 F.3d 601, 602 (5th Cir. 1994).

### III.

"Historically, seamen have enjoyed a special status in our judicial system." *Castillo*, 937 F.2d at 243. "As a result of the policy that favors protecting the rights of seamen, the Supreme Court has emphasized that a seaman's release or settlement of his rights must be carefully scrutinized." *Id.* at 244.

Factors to be considered when evaluating the validity of a seaman's release include "the nature of the legal advice available to the seaman at the time of signing the release, the adequacy of the consideration, whether the parties negotiated at arm's length and in good faith, and whether there was the appearance of fraud or coercion." *Simpson*, 22 F.3d at 602. "The ultimate concern in these cases, however, is not whether the seaman has received what the court believes to be adequate consideration, but rather whether the seaman relinquished his rights with an informed understanding of his rights and a full appreciation of the consequences when he executed a release." *Id.* (quoting *Stipelcovich v. Sand Dollar Marine, Inc.*, 805 F.2d 599, 606 (5th Cir. 1986)). "A determination whether a seaman was fully apprised of rights and consequences is a finding of fact." *Borne*, 780 F.2d at 1257. "[C]ourts have long and often

observed that a hazard is associated with too stringent a rule on whether a settlement will be set aside." *Id.*

In the present case, the district court found that Baker received and signed the release with full knowledge of his rights and a full appreciation of its consequences.   The record evidence discloses that Lowe read the entire agreement to Baker, who had completed a high school education. Baker testified in his deposition that he followed along with Lowe as he read the release agreement aloud. Baker further testified that he was not pressured to sign the release agreement, and that he entered into the agreement freely and voluntarily. He also admitted that he understood the agreement would settle all claims arising out of his July 3, 2009 injury.

Baker's challenge to the validity of the release agreement is that he only signed it because he needed the money and was eager to return to work. Though he argues that the consideration for the release was insufficient to compensate him for his injury and that he was unrepresented at the time of signing, our precedent makes clear that adequacy of consideration is relevant only with respect to a seaman's knowing agreement and the nature of the medical and legal advice available. *Garrett*, 317 U.S. at 248. The abundance of the record evidence, most notably Baker's own deposition testimony, makes clear that he fully understood the consequences of the agreement at the time he entered into it.

## IV.

Having reviewed the evidence, and with no definite and firm conviction that a mistake has been committed, the district court's determination that Baker executed the release agreement knowingly and voluntarily must stand.  No genuine issue of material fact exists with respect to the validity of the agreement. Accordingly, the district court's judgment is AFFIRMED.